IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THELMA LOU SICKENBERGER,           )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   Civil Action No. 17-79-J
                                   )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
        Defendant.                 )

O R D E R

AND NOW, this 21st day of August, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in allegedly failing to provide controlling weight to the opinions of four of her treating physicians and, ultimately, in finding her to be not disabled. The Court finds no merit in Plaintiff's position and finds that substantial evidence supports the ALJ's decision.

The crux of Plaintiff's argument is that the ALJ erred in formulating her residual functional capacity ("RFC") at Steps Four and Five of the sequential process by failing to afford controlling weight to four medical professionals she identifies as treating physicians – John Johnson, M.D., Catherine Spayd, Ph.D., Mukundam Veerabathini, M.D., and Brett Sharf, D.O. She contends that the ALJ lacked a proper basis for not affording such weight to the opinions of these professionals. Alternatively, she alleges that even if these opinions were not entitled to controlling weight, they were at least entitled to more weight than was assigned to them by the ALJ. For several reasons to be discussed supra, the Court disagrees and finds that the ALJ adequately explained the rationale for assigning weight to the opinion evidence as he did, and in formulating Plaintiff's RFC.

It is true that when assessing a claimant's application for benefits, the opinions of the claimant's treating physicians generally are to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations in place at the relevant time provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. (The Court notes that Section 404.1527, rather than Section 404.1520c, applies since Plaintiff's claims were filed before March 27, 2017.) As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

It is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

2

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part). Here, the ALJ included in his decision a substantial discussion as to why he gave the weight that he did to the various medical opinions. Substantial evidence supports his findings in formulating the RFC and the hypothetical question to the vocational expert ("VE").

As to Plaintiff's claims regarding the weight given to Dr. Johnson's opinion, it must first be noted that she significantly mischaracterizes the ALJ's treatment of said opinion. While the ALJ afforded little weight to Dr. Johnson's opinion that Plaintiff could have no exposure to dust, fumes, odors, and other pulmonary irritants, he actually accepted and adopted the vast majority of the limitations suggested by Dr. Johnson, including the rest of those that Plaintiff claims to have been rejected by the ALJ. (Doc. No. 10 at 4; R. 34, 38). As for the limitations regarding dust, fumes, odors, and other pulmonary irritants to which Dr. Johnson opined, the ALJ thoroughly discussed his rationale for not adopting this part of Dr. Johnson's opinion (R. 38), and substantial evidence supports his findings. Regardless, at the administrative hearing, the ALJ expressly asked the VE whether the jobs he found that Plaintiff could perform based on her RFC would expose her to dust, fumes, odors, and other pulmonary irritants, and the VE confirmed that they would not. (R. 86-87). Given that the ALJ did, in fact, give significant weight to the opinion of Dr. Johnson, that he adequately explained the few aspects of that opinion to which he afforded little weight, and that including the rejected limitations in the RFC would not have changed the outcome, the Court finds that the ALJ properly considered this opinion. In regard to Dr. Johnson's opinion that Plaintiff was partially disabled, the Court notes, as did the ALJ, that opinions, such as this, as to the ultimate issue of disability are not binding on an ALJ, as that determination is expressly reserved to the Commissioner. See 20 C.F.R. § 404.1527(d)(1); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). In any event, the ALJ adequately discussed his determination that Dr. Johnson's opinion that Plaintiff was partially disabled was entitled to little weight. (R. 39).

Plaintiff's argument in regard to Dr. Spayd fares no better. First, the Court notes that Dr. Spayd was not one of Plaintiff's treating physicians – she was a consulting physician. In any event, as with Dr. Johnson's opinion, the ALJ actually adopted much of Dr. Spayd's opinion. Indeed, although Plaintiff argues that the ALJ improperly rejected Dr. Spayd's opinion that she had marked impairment in her ability to understand, remember, and carry out complex instructions and to make judgments on complex work related decisions, the ALJ, in formulating the RFC, actually limited Plaintiff to "simple, routine tasks not performed in a fast-paced production environment, involving only simple work-related decisions, and in general, relatively few work place changes." (R. 34). The ALJ further limited Plaintiff to "1-2 step tasks learned by demonstration." (R. 34-35). While the ALJ was somewhat unclear as to whether he was accepting or rejecting Dr. Spayd's opinions as to Plaintiff's abilities in regard to complex tasks, it is clear that these limitations were included in the RFC, as Plaintiff was precluded from performing any complex work-related activity. Further, the ALJ adequately considered and discussed the global assessment of functioning ("GAF") score assigned by Dr. Spayd, noting, inter alia, that it did not explicitly suggest any further functional limitations. (R. 39-40).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and that Defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

In regard to the opinions of Drs. Veerabathini and Sharf, the Court notes that these opinions, like Dr. Johnson's as to partial disability. addressed an issue expressly reserved to the Commissioner and were not binding on the ALJ. See 20 C.F.R. § 404.1527(d)(1); Knepp, 204 F.3d at 85. Indeed, neither doctor opined as to any specific functional limitations, but merely indicated that Plaintiff had "no work capacity" by checking a box on an attorney-supplied form. Regardless, even if general opinions as to disability were capable of binding an ALJ, here, the ALJ explained at significant length why these very general opinions had not been adequately supported by objective medical findings and were inconsistent with other evidence in the record. (R. 40).

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.